**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADRIANE MOORE** | : | **Civil Action No.** |
| **537 Main Street** | : | |
| **Sewell, NJ 08080** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **DASHEVSKY, HORWITZ, KUHN,** | : | |
| **NOVELLO & SHORR, P.C.** | : | |
| **1315 Walnut Street, Suite 12** | : | |
| **Philadelphia, PA 19107** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Adriane Moore (hereinafter "Plaintiff"), by and through his attorney, Koller Law,

LLC, bring this civil matter against Dashevsky, Horwitz, Kuhn, Novello & Shorr, P.C. (hereinafter

"Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, the

Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human

Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Dashevsky, Horwitz, Kuhn, Novello & Shorr, P.C. is a

personal injury law firm with a location and headquarters located 1315 Walnut Street, Suite

12, Philadelphia, PA 19107.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's

employment.   In making said decisions, these individuals engaged in the pattern and

practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the

instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who acted directly or indirectly in the interest of the employer.  In so acting,

these individuals engaged in the pattern and practice of discriminatory treatment, which

forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the

Defendant's contacts with this state and this judicial district are sufficient for the exercise

of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in International Shoe

Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial

district, the Defendant is located in this judicial district and because all of the acts and/or

omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII of the Civil Rights Act of

1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the

Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal

Employment Opportunity Commission ("EEOC") alleging gender and associational

disability discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2022-00399 and was dual filed with

the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to

the Charge and that Notice is dated March 7, 2022. Plaintiff received the notice by

electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a

lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to

Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In or around early May 2021, Plaintiff interviewed with Defendant for a Paralegal position.

21. Plaintiff was well qualified for the Paralegal position.

22. During the interview process, after Plaintiff mentioned that she was a mother, Edwin Dashevsky, President, and Amy Horowitz, Office Manager, asked Plaintiff multiple questions about her childcare arrangements.

23. In response, Plaintiff stated that her fiancé would be handling childcare as he does not work outside of the home due to his disability, End-Stage Liver Disease.

24. Throughout said line of questioning, Dashevsky and Horowitz expressed concern with regard to Plaintiff's ability to balance her work with her home life as well as concern that her fiancé's disability would negatively impact her ability to work.

25. Shortly thereafter, Defendant offered Plaintiff a position as a Paralegal and Plaintiff accepted it.

26. On or around May 14, 2021, the date on which Plaintiff was scheduled to being her employment, Plaintiff was unexpectedly running a few minutes late and advised Defendant of same.

27. In response, Mr. Dashevsky postponed her start date to the following week.

28. A few days later, on or around May 17, 2021, Defendant abruptly rescinded its job offer allegedly due to Plaintiff's "family situation."

4

29. Significantly, there was no "situation" with Plaintiff's family and said remark evidences Defendant's sexist and erroneous perception that a woman is not capable of both being a mother and a dedicated employee.

30. Based on the foregoing, Plaintiff believes and avers that Defendant rescinded its offer of employment based on her gender (female)/status as a working mother and/or association with her disabled fiancé.

### COUNT I – GENDER DISCRIMINATION
### <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

31. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

32. Plaintiff is a member of protected classes in that she is female.

33. Plaintiff was qualified to perform the job.

34. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

35. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

36. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

37. Defendant terminated Plaintiff.

38. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a member of protected calluses in that she is female.

41. Plaintiff was qualified to perform the job.

42. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

43. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

44. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

45. Defendant terminated Plaintiff.

46. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – ASSOCIATIONAL DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff's fiancé is disabled under the ADA.

49. Plaintiff's fiancé has disabilities that substantially limit major life activities.

50. Plaintiff was qualified to perform the job.

51. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

52. Circumstances indicated that Plaintiff's fiancé's disabilities were the reason for the adverse employment action.

53. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

54. Plaintiff's fiancé's disabilities motivated Defendant's decision to terminate Plaintiff.

55. The purported reason for Defendant's decision is pretextual.

56. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

57. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

58. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff's fiancé is disabled under the ADA.

61. Plaintiff's fiancé has disabilities that substantially limit major life activities.

62. Plaintiff was qualified to perform the job.

63. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

64. Circumstances indicated that Plaintiff's fiancé's disabilities were the reason for the adverse employment action.

65. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

66. Plaintiff's fiancé's disabilities motivated Defendant's decision to terminate Plaintiff.

67. The purported reason for Defendant's decision is pretextual.

68. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

69. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

70. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Adriane Moore, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

practices which discriminate in violation of Title VII, the ADA, and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: June 6, 2022                **By:**

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

9