**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADRIANE MOORE | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | CASE NO. 2:22-cv-02228-MMB |
| v. | : | |
| | : | |
| DASHEVSKY, HORWITZ, KUHN, NOVELLO & SHORR, P.C. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon full and complete consideration of Defendant's Motion to Dismiss the Complaint, including all responses and replies thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and the above-captioned action is DISMISSED, with prejudice.

BY THE COURT

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIANE MOORE | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | CASE NO. 2:22-cv-02228-MMB |
| v. | : | |
| | : | |
| DASHEVSKY, HORWITZ, KUHN, | : | |
| NOVELLO & SHORR, P.C. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

NOW COMES Defendant, Dashevsky, Horwitz, Kuhn, Novello & Shorr, P.C., hereinafter "Defendant", to file this Motion to Dismiss the Complaint filed by Plaintiff, Adriane Moore ("Plaintiff") as follows:

1. On or about June 6, 2022, Plaintiff initiated the above-captioned action by filing a Complaint with this Honorable Court. (A true and correct copy of the Complaint is attached hereto as Exhibit "A").

2. The Complaint generally contends that Plaintiff was subject to gender discrimination and/or associational disability discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and the Americans with Disabilities Act of 1990 ("ADA") after her offer of employment with Defendant was rescinded on May 17, 2021. (See Exhibit A).

3. Even presuming all factual allegations in the Complaint as true, however, Plaintiff has failed to raise a reasonable inference that she was subject to discrimination based upon her gender.

4. Additionally, Plaintiff has failed to raise a reasonable inference that she was subject to discrimination based upon her association with a person with an ADA recognized disability.

6. Defendant relies upon the following Memorandum of Law in support of the instant Motion.

WHEREFORE, Defendant respectfully requests that an Order be entered dismissing the above-captioned action with prejudice and for any other relief Your Honor believes is just and fair.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

*Christopher Gilligan*
_____
Christopher J. Gilligan, Esquire
Joseph J. Longo, Esquire
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106-3337
cgilligan@margolisedelstein.com
jlongo@margolisedelstein.com
215-922-1100

Date:   August 29, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIANE MOORE | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | CASE NO. 2:22-cv-02228-MMB |
| v. | : | |
| | : | |
| DASHEVSKY, HORWITZ, KUHN, NOVELLO & SHORR, P.C. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

Defendant, Dashevsky, Horwitz, Kuhn, Novello & Shorr, P.C., (hereinafter "Defendant") asks this Honorable Court to consider the following Memorandum of Law explaining why the Complaint filed by Plaintiff, Adriane Moore ("Plaintiff") must be dismissed as a matter of law.

**I.   MATTER BEFORE THE COURT**

Defendant's Motion to Dismiss the Complaint.

**II.   STATEMENT OF RELEVANT FACTS[1]**

On or about June 6, 2022, Plaintiff initiated the above-captioned action by filing a Complaint with this Honorable Court. (Exhibit A). The Complaint contends Defendant interviewed Plaintiff for a Paralegal position in or around early May 2021, and that during this interview Plaintiff was asked questions regarding her childcare arrangements and work life

---

[1] Defendant list only those facts in the Complaint relevant to the instant Motion and neither admit or deny the truthfulness of the same. Defendant reserve the right to respond to the Complaint and all factual allegations therein if the instant Motion is denied.

balance. Id. at ¶¶ 20-24. Plaintiff was then hired by Defendant as a Paralegal. Id. at ¶ 24.

As Plaintiff admits, she failed to arrive timely her first day of work, which she did in fact communicate to Defendant. Id. at ¶ 26. Attached hereto as Exhibit "B" are communications between Plaintiff and Defendant regarding her inability to arrive on time for her first day of work, as well as the rescission of Plaintiff's offer of employment, incorporated by reference in ¶¶ 26-29 of the Complaint[2][3]. These communications are directly referenced by Plaintiff in her Complaint and are integral to her claims of gender and associational disability discrimination. As the communications referenced by Plaintiff in the Complaint make clear, rather than being "a few minutes late" on May 14, 2021, Plaintiff was in fact multiple hours late to work. See Exhibit A ¶ 26; Exhibit B, pages 4-6. More importantly, in communicating her inability to arrive to work on time, Plaintiff explicitly stated that she "was not going to be able to take the position". Exhibit B, page 3. More specifically, Plaintiff's May 13, 2021 email regarding her inability to arrive to work on time stated in its entirety:

> I regrettably am not going to be able to take the position. This morning was very hectic and two of my children had like nervous breakdown. Because me to run late and I know you guys need someone that could be there early. I just don't know what to do. I was super excited and I'm super excited about the position but don't know if I could handle the breakdown in the morning and getting there on time. I just don't wanna waste your time that you guys mentioned. I feel so horrible. I feel like a failure. I just don't know what to do.

---

2 As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings, and the incorporation of such extrinsic evidence will convert the motion to dismiss to a motion for summary judgement. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to this general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." Id. Moreover, it has been explicitly held by the Eastern District of Pennsylvania that Courts may also consider "matters incorporated by reference." Mallon v. Trover Sols., Inc., No. 11-326, 2014 U.S. Dist. LEXIS 76541, at *8 n.3 (E.D. Pa. June 4, 2014); See also Allen v. Donahoe, No. 1:14-CV-00546, 2014 U.S. Dist. LEXIS 125361, at *6 (M.D. Pa. Sep. 8, 2014) ("Although ordinarily the court may only consider the allegations in the complaint when ruling on a motion to dismiss, the Third Circuit has held that a court may consider items that are 'integral or explicitly relied upon in the complaint'.); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied on in the complaint may be considered without converting the motion to dismiss into one for summary judgment.")

3 All redactions in Exhibit B pertain to personal identifiers, including email addresses and phone numbers, only.

Exhibit B, page 3.

Finally, as referenced in Plaintiff's Complaint, following the above communication from Plaintiff, Defendant rescinded their offer of employment on May 17, 2021 by email, stating:

Hi, Adriane

After careful consideration of the circumstances surrounding your family situation, unfortunately we have made a decision to withdraw the offer of employment with our firm.

We wish you the best of good luck and success in your new professional path.

Exhibit B, page 7.

### III.   ARGUMENT

    A.   **Standard of Review.**

When considering a Fed. R Civ. P. 12(b)(6) Motion to Dismiss, this Honorable Court "accepts as true all allegations in the Complaint and all reasonable inferences which can be drawn therefrom." DeBendictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3rd Cir. 2007)).  To survive a motion to dismiss, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Customers Bank v. Municipality of Norristown, No. 12-2471, 2013 WL 1789772 at *3 (E.D. Pa. April 26, 2013) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 at n.3 (2007)). Twombly also notes that a Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Moreover, this Honorable Court need not accept Plaintiff's legal conclusions and is not bound "to accept as true a legal conclusion couched as a factual allegation." Customers Bank, 2013 WL 1789772, at *3 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

This Honorable Court, when analyzing Twombly together with the Supreme Court's ruling in Ashcroft v. Iqbal, 556 U.S. 662 (2009), stated that "where the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-that the pleader is entitled to relief." Thompson v. Wynnewood of Lower Merion Twp., No. 12–2308, 2012 WL 4033706, at *3 (E.D. Pa. Sept. 13, 2012). Following Iqbal and Twombly, the Third Circuit Court of Appeals set forth a three-part analysis when determining whether a complaint survives a 12(b)(6) motion to dismiss, including (1) determining whether the plaintiff set forth the elements needed to state a claim; (2) separating well-pleaded factual allegations from mere conclusions; and (3) determining from these well-pleaded factual allegations whether they "plausibly give rise to an entitlement for relief." Id. at *12.

      **B.**      **The Complaint Fails to Raise an Inference of Gender Discrimination Because Plaintiff Relies Upon Mere Conclusions Rather Than Specific Allegations of Discriminatory Conduct by Defendant.**

As will be discussed at length below, Plaintiff has failed to sufficiently state a claim of gender discrimination under Title VII and the PHRA, as Plaintiff relies upon mere conclusions rather than any specific allegations of discriminatory statements or actions by Defendant with regard to Plaintiff's gender.

Claims under Title VII and the PHRA may be properly analyzed together, as "courts within the Third Circuit interpret the Title VII and PHRA coextensively." See Anh Truong v. Dart Container Corp., No. 09-33348, 2010 WL 4237944, at *4 (E.D. Pa., Oct. 26, 2010) (quoting Brown v. J. Kaz, Inc., 581 F.3d 175, 181 (3d Cir. 2009)); Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 317, n.3 (3d Cir. 2000) (equating Title VII with PHRA analysis). To state a prima facie case of gender discrimination, plaintiff must plead sufficient facts to show or support a reasonable inference that she (1) is a member of a protected class; (2) was qualified for the position she held; (3) was subject to an adverse employment action; and (4) suffered adverse action under circumstances that give rise to an inference of discrimination. Johnson v. St. Luke's Hospital, 307

Fed.Appx. 670, 671-672 (3d Cir. 2009) (citing Jones v. School District of Philadelphia, 198 F.3d 403, 410-411 (3d Cir. 1999)); see also Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003); Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 357 (3d Cir. 1999).

Generally, the fourth prong of the prima facie case may be satisfied by showing that a similarly-situated individual outside of the protected class who engaged in the same conduct as plaintiff was treated more favorably. Simpson v. Kay Jewelers, 142 F.3d 639, 646 (3d Cir. 1998)(citing Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 255, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 215 (1981)). Ultimately, the "central focus" of the prima facie case of gender discrimination "is always whether the employer is treating 'some people less favorably than others because of their...sex....'" Sarullo, 352 F.3d at 798 (quoting Pivirotto, 191 F.3d at 352). If a plaintiff does not plead facts supporting differential treatment of similarly situated individuals outside the plaintiff's protective class, the plaintiff must instead point to facts giving rise to an inference of discrimination. Hobson v. St. Luke's Hosp. & Health Network, 735 F. Supp. 2d 206, 214 (E.D. Pa. 2010).

Notably, Plaintiff has not alleged that any similarly-situated individual was treated more favorably than her throughout her entire Complaint. Rather, outside of her legal conclusions regarding discrimination, Plaintiff relies entirely upon two facts in order to support her claim of discrimination: (1) that she was asked questions regarding her home life and childcare arrangements during her interview with Edwin Dashevsky and Amy Horwitz; and (2) that, in her employment rescission letter, her "family situation" was referenced. See Exhibit A. Conspicuously absent from Plaintiff's Complaint are any allegations that any member of Defendant made statements related to Plaintiff's gender in any way. Furthermore, Plaintiff does not even allege that the questions during her interview were in any way related to her gender.

Moreover, and as made clear in the communications incorporated in Plaintiff's Complaint and attached hereto as Exhibit B, the "family situation" referenced in Plaintiff's rescission letter was an indisputable reference to Plaintiff's communication on May 13, 2021 that she was unable to perform the duties of the position due to her childcare issues. See Exhibit B, page 3. Rather than acknowledge this clear admission and reference incorporated in her Complaint, Plaintiff relies solely upon her own conclusion that her rescinded employment offer was due to her "gender (female)/status as a working mother". Exhibit A ¶ 30.

Because Plaintiff has failed to allege any facts giving rise to an inference of gender discrimination, her claims of gender discrimination under Count I and Count II must be dismissed as a matter of law.

### A. The Complaint Fails to Raise an Inference of Associational Disability Discrimination Because Plaintiff Relies Upon Mere Conclusions Rather Than Specific Allegations of Discriminatory Conduct by Defendant.

Similarly, Plaintiff has failed to sufficiently state a claim for associational disability discrimination as Plaintiff again relies upon mere conclusions rather than any specific allegations of discriminatory statements or actions by Defendant with regard to Plaintiff's association with a person with a disability under the ADA.

Generally, in order to establish a prima facie case of disability discrimination under the ADA and PHRA, a Plaintiff must present evidence that (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination. Gaul v. Lucent Techs., Inc., 134 F. 3d 576, 580 (3d Cir. 1998). However, in a case involving associational disability discrimination, such an evaluation is modified. Namely, the Third Circuit has expressed approval

of a test for establishing a prima facie case of associational disability discrimination comprised of the following elements:

> (1) the plaintiff was "qualified" for the job at the time of the adverse employment action;
>
> (2) the plaintiff was subjected to adverse employment action;
>
> (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; [and]
>
> (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.
>
> Speights v. Arsens Home Care, Inc., No. 19-2343, 2020 U.S. Dist. LEXIS 129191, at *12-13 (E.D. Pa. July 22, 2020).

As with her claim of gender discrimination, Plaintiff has not alleged that any similarly-situated individual was treated more favorably than her throughout her entire Complaint. Again, outside of her legal conclusions regarding discrimination, Plaintiff relies entirely upon the fact that she was asked questions regarding her home life and childcare arrangements during her interview with Edwin Dashevsky and Amy Horwitz; and that her "family situation" was referenced in her employment rescission letter as support for her claim of associational disability discrimination. See Exhibit A.

As discussed at length above, the actual communications referenced by Plaintiff's Complaint and attached hereto as Exhibit B make clear that Plaintiff expressed an inability to timely arrive to work on a regular due to "nervous breakdowns" by her children and Defendant's rescinded her offer of employment based upon Plaintiff's described "family situation". See Exhibit B. Simply put, Plaintiff has alleged that Defendant asked questions regarding her availability

during her interview and rescinded her offer of employment after she expressly stated that she would be unable to take the position due to childcare issues. Such allegations hardly support a reasonable inference that the disability of an associate was a determining factor in the decision to rescind Plaintiff's offer employment. Because Plaintiff fails to allege any facts which support a reasonable inference of associational discrimination, and relies merely upon conclusions, Plaintiff's claims of same under Count III and Count IV must be dismissed as a matter of law.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully asks for an order dismissing the above-captioned action, with prejudice, for failing to state a claim.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

*Christopher Gilligan*

_____

Christopher J. Gilligan, Esquire
Joseph J. Longo, Esquire
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106-3337
cgilligan@margolisedelstein.com
jlongo@margolisedelstein.com
215-922-1100

Date:   August 29, 2022

**CERTIFICATE OF SERVICE**

    I, Christopher J. Gilligan, Esquire, hereby certify that on the date shown below a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint, together with all supporting documents, was served via Notice of Electronic Filing.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

*Christopher Gilligan*
_____
Christopher J. Gilligan, Esquire
Joseph J. Longo, Esquire
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106-3337
cgilligan@margolisedelstein.com
jlongo@margolisedelstein.com
215-922-1100

Date:   August 29, 2022